# Ex Parte Carrasquillo.

## Appeal from the District Court of Humacao.

### No. 51.—Decided June 5, 1904.

Dominion Title.—Property owners possessing a public deed showing the owner-ship of real estate, cannot avail themselves of the proceedings provided by article 395 of the Mortgage Law, which are applicable only to persons who have no written title of ownership.

## STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of Humacao by Domingo Carrasquillo y Ortiz to secure a dominion title to two rural estates. The case is pending before us on appeal taken by counsel for the petitioner from the judgment rendered by the said district court, which reads as follows:

"Judgment.—In Humacao, on May 15, 1903, a hearing was had in the proceedings prosecuted by Attorney Luis Muñoz Morales, as counsel for Domingo Carrasquillo Ortiz, of legal age, married, a property owner and resident of Cayey, to secure a dominion title to several rural estates.

"On December 19, 1903, Attorney Luis Muñoz Morales, representing Domingo Carrasquillo Ortiz, filed a petition in this court praying that a dominion title be decreed in favor of his client to the following properties: A parcel of land without name, situated in *barrio* Rincón, within the municipal jurisdiction of Cayey, composed of 10.5 *cuerdas*, equivalent to 4 hectares, 2 ares and 69 centares of land, bounded on the north and east by lands of Dolores Morales, widow of Muñoz, on the south by lands of José Caldaret and of Pablo Giol, and on the west by lands of Carrasquillo; and another parcel of land situated in the same *barrio* and municipality, composed of 7.46 *cuerdas* of land, equivalent to 2 hectares, 88 ares and 87 centares, bounded on the north, east and west by the brook of *barrio* Rincón, and on the south by lands belonging to Jan Bautista Ravelo, which properties he acquired without any incumbrances thereon whatever, and for the price of two hundred and

forty dollars, by purchase from José Calderet y Jou, and from Apolinar Carrasquillo, according to deeds executed before the notary of Cayey, Muñoz Morales, copies of which accompany the petition herein, and to prove the facts alleged petitioner presented copies of said deeds and offered the testimony of witnesses.

"The applicant's petition having been admitted, and the evidence offered having been declared relevant, the Department of Justice was served with notice by the delivery of a copy of the said petition, and the former owners of the said properties, and the adjoining landowners were cited, and the unknown persons whose interests might suffer by the inscription of the dominion title sought by the petitioner were cited by means of edicts published in the 'Democracia,' and by means of notices posted in public places in Cayey.

"The witnesses Pedro Rodríguez López and Joaquín Aponte López, property owners, of legal age, and residents of Cayey, testified that they knew that the petitioner acquired the said properties in the manner alleged by him, and that from the date of such acquisition he has been in the quiet and peaceable possession thereof, without interruption.

"No opposition has been made by anyone whatever, and the Department of Justice has rendered an opinion favorable to the granting of the title sought herein. Associate Judge Charles E. Foote. prepared the opinion of the court.

"The benefit or remedy provided for by article 395 of the Mortgage Law can be availed of when the property owner has no written title, and the properties involved herein having been acquired by different purchases under public deeds executed before a competent notary public, the petitioner cannot avail himself of the remedy provided for by the said article.

"We adjudge that we should declare and do declare that the ownership of the properties involved herein has not been proved in this proceeding, with costs against the petitioner.

"Thus finally adjudging do we pronounce, order and sign."

From this judgment counsel for the petitioner took an appeal which was allowed both for review and stay of proceedings, and the record having been sent up to this court, and the appellant having entered an appearance, the appropriate procedure was followed, and a day was set for

the hearing, at which counsel for the appellant and the *fiscal* of this Supreme Court were present, the latter opposing the appeal.

*Mr. Sarmiento,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact and conclusions of law contained in the judgment appealed from.

In view of the provisions of article 395 of the Mortgage Law in force, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.